IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01255-REB-MEH

HILTON McCLENDON, JR.,

    Plaintiff,

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY, a Delaware limited liability company,

    Defendants.

---

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
AND BRIEF IN SUPPORT THEREOF**

---

    COMES NOW, JBS USA, LLC d/b/a JBS Swift & Company ("JBS"), and submits its Partial Motion to Dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because Hilton McClendon, Jr. ("Plaintiff") has failed to exhaust administrative remedies for several of his claims, depriving this Court of jurisdiction over the claims, and he has failed to state a claim for which relief may be granted. Defendant further states:

    1.    Plaintiff filed his Complaint on or about June 12, 2015.

    2.    Attached to his Complaint as Exhibit A is the Charge of Discrimination filed by Plaintiff.

    3.    On the face of the Charge Plaintiff checked the boxes claiming discrimination based on race and disability.

    4.    In the section soliciting a narrative of the "particulars," Plaintiff again asserts discrimination based on disability and race.

5. Nowhere on the Charge form does Plaintiff make any claim for religious discrimination.

6. Throughout his Complaint, including his "Third Claim for Relief" Plaintiff asserts claims for religious discrimination.

7. Plaintiff's claims for religious discrimination are outside the scope of his Charge of Discrimination and therefore are not properly before this Court.

8. Plaintiff's claims that he was subjected to a hostile work environment because he was called "Somalian" or "Bitch" two or three times does not constitute a hostile work environment nor was the claim made in his Charge. He further claims hostile work environment based on color and national origin.

9. Plaintiff claims retaliation: Retaliation was never mentioned or a part of Plaintiff's Charge.

10. Plaintiff's claims for religious discrimination, hostile environment and retaliation should be dismissed for the reasons more fully set forth below.

## I. Introduction

JBS operates a beef processing plant in Greeley, Colorado. It employs more than 3,000 employees at the facility. Plaintiff commenced his employment with JBS on or about April 4, 2011. Plaintiff resigned from his employment with JBS on or about July 19, 2011. Thus, Plaintiff was employed by JBS for slightly more than ninety (90) days.

The production employees at JBS, of which Plaintiff was one, are represented by a labor organization, United Food and Commercial Workers Local No. 7 ("Local 7"). Local 7 and JBS

are parties to a collective bargaining agreement that contains a grievance and arbitration procedure.

## II. Facts

Plaintiff filed against JBS a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on August 18, 2011. (Complaint Ex. A) The EEOC issued a determination on February 22, 2012 (Complaint, Ex. B), and a Notice of Right to Sue on March 16, 2015 (Complaint, Ex. C). He filed this lawsuit on June 22, 2015.[1]

In the Charge, Plaintiff checked the boxes for "race" and "disability" discrimination. The Charge states the following:

> I believe I have been discriminated against because of a disability within the meaning of the Americans with Disabilities Act of 1990, as amended, and because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended, in that:
>
> I was hired on or about 040411, as a Worker-Coolers. I was called "Somalian" numerous times and "bitch" two or three times by Hispanic co-workers. I complained to my boss, Beto (last name unknown. Hispanic male) but he just laughed and told me to call them "Chinese." Racial epithets were written on the bathroom walls. I was absent four or five times from work because of my disability which was worsened by the harassment. I went to the Union and Human Resources on or about 071911 and told them about the harassment and requested a transfer to another shift. They said they would investigate the harassment and I was offered a different department but not a different shift because employees cannot transfer until after a year of employment. I was forced to quit that day because the company refused to accommodate me.

Complaint, Ex. A.

Although Plaintiff asserted only race and disability discrimination claims in the Charge, his Complaint is not limited to those claims. Instead, Plaintiff alleges discrimination based on religion, hostile work environment, and retaliation in violation of Title VII and the ADA, in

---

[1] The Amended Complaint was filed on June 22, 2015, after filing only the first page of the original complaint on June 12, 2015.

3

addition to claims for race and disability discrimination. The additional claims are beyond the scope of the Charge and not reasonably related to the claims in the charge. Therefore, Plaintiff has failed to exhaust his administrative remedies with respect to these additional causes of action. Plaintiff also fails to state a claim for which relief may be granted for the Title VII religious discrimination and retaliation claims and ADA retaliation claim. Defendant respectfully asks the Court to dismiss those claims.

### III. Applicable Law

Exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII lawsuit. *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). "[A] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Shikles v. Spring/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005); *Denetclaw v. Thoutt Bros. Concrete Contractors, Inc.*, 287 F. App'x 17, 21 (10th Cir. 2008); *Gad v. Kansas State Univ.*, ___ F.3d ___, No. 14-3050 (10th Cir. May 27, 2015). Accordingly, "the crucial inquiry is whether the claims set forth in the civil complaint fall within the scope of the investigation that could reasonably be expected to grow out of the EEOC charges." *Nettle v. Cent. Okla. Am. Indian Health Council, Inc.*, 334 F. App'x 914, 927 (10th Cir. 2009); *Green v. Donahue*, 760 F.3d 1135, 1140 (10th Cir. 2014) (plaintiff must "show that the claim [filed in district court] is within the scope of the administrative investigation could reasonably be expected to follow from the allegations raised in the charge."); *see also Gad, supra*.

4

## IV. Discussion

### A. Counts I & V

Plaintiff alleges discrimination in the form of disparate treatment in violation of Title VII. The Complaint, and Count I in particular, are not models of clarity. Reading it in context, however, Defendant presumes Count I alleges disparate treatment based on race. In Count V, Plaintiff alleges disability discrimination through failure to accommodate in violation of the ADA. Defendant concedes Plaintiff alleged those claims in the Charge and has exhausted his administrative requirements. Defendant's Motion pertains to Plaintiff's remaining Counts, claims and allegations.

### B. Count II

Plaintiff alleges a hostile work environment in violation of Title VII. The claim exceeds the scope of the Charge for at least two reasons. First, Plaintiff alleges discrete acts of harassment (being "called 'Somalian' numerous times and 'bitch' two or three times by Hispanic co-workers"). Those allegations do not amount to a hostile work environment or put Defendant on notice of such allegations. Benign isolated comments such as these as a matter of law do not constitute a hostile work environment. *See Morris v. City of Colorado Springs*, 666 F.3d 654, 663 (10th Cir. 2012). "Title VII does not establish 'a general civility code' for the workplace;" [a]ccordingly, the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim. *See, e.g., Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L.Ed.2d 662 (1998) (discussing the Supreme Court's hostile work environment decisions, and stating that "[a] recurring point in these opinions is that simple teasing, offhand comments, and isolated incidents

5

(unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment").

Second, Plaintiff alleges hostile work environment as a result of discrimination based on race, color, national origin, and religion. Of these categories, only the box for race—not color, national origin, or religion—was checked on the Charge. The failure to check a particular box creates a presumption that the charging party is not asserting claims represented by that box. *See Jones v. U.P.S. Inc.*, 502 F.3d 1176, 1183-86 (10th Cir. 2007) ("A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.").

Nowhere in the Charge did Plaintiff indicate he experienced anything amounting to discrimination based on color, national origin, or religion. Religion is, quite simply, a category separate and apart from race and disability, the only categories alleged in the Charge. Furthermore, national origin does not equate race. *See Nettle v. Cent. Okla. Am. Indian Health Council, Inc.*, 334 F. App'x 914, 928 (10th Cir. 2009) (prohibiting plaintiff from asserting claim for national origin discrimination when she failed to allege it in complaint, noting that national origin discrimination is different from race discrimination). Defendant surmises that Plaintiff included the additional claims of discrimination based on color, national origin, and religion in the Complaint after reading the EEOC's Letter of Determination, which discusses charges made against Defendant by wholly different employees who are not similarly situated. Plaintiff's attempt to borrow those allegations regarding color, national origin, and religion for the Complaint is improper, as he has not previously raised those allegations nor has he exhausted the administrative procedure concerning those claims. Those allegations and the claim for hostile

6

work environment are beyond the scope of the Charge. Defendant respectfully requests the Court dismiss Plaintiff's claim for hostile work environment.

**C.    Count III**

In Count III, Plaintiff asserts claims of discrimination based on religion in violation of Title VII. His allegations include that he "requested accommodation to be allowed to read his bible during breaks," was "belittled, called a 'Somalian' or 'Muslim' in a sneering and hostile fashion and would not be left alone," and was "frequently called a 'bitch.'" Those allegations vastly exceed the scope of the Charge. As noted on Exhibit A attached to the Complaint, Plaintiff did not check the box for "religion," which creates a presumption that he is not asserting claims represented by that box. *Jones*, 502 F.3d at 1186. Moreover, the claims do not reasonably relate to the allegations in the Charge, that is, disparate treatment based on race and disability. As discussed above, Plaintiff's attempt to borrow allegations of religious discrimination contained in the EEOC's Determination is improper, and Defendant respectfully requests the Court dismiss them.

**D.    Count IV**

Plaintiff asserts a claim for retaliation in violation of Title VII as a result of a denial of transfer. Plaintiff's Charge states he asked to move to a different shift but was denied. In his Complaint, he (for the first time) claims "[s]uch denial was done as retaliation for his advising of the discrimination and hostile treatment at work." Plaintiff's claim for retaliation exceeds the scope of the Charge and fails to state a claim as a matter of law.

Nowhere in the Charge did Plaintiff indicate a claim for retaliation. He did not check the box for retaliation, which creates a presumption that he is not asserting the claim. *Jones*, 502

7

F.3d at 1186.  Moreover, the Tenth Circuit has held that "[a] claim of retaliation is a distinct allegation of an unlawful employment practice[, and a] Title VII plaintiff must exhaust administrative remedies for each individual discriminatory or retaliatory act." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (internal quotations omitted).

Additionally, Plaintiff's claim for retaliation fails as a matter of law because a denial of transfer to a different shift is not an adverse employment action.[2]  Plaintiff's request to be moved to a different *shift* (same job, different hours) would involve substantially similar terms and conditions of employment.  Indeed, Plaintiff alleges no facts that would materially differentiate the requested shift from the one to which he was assigned.  A denial of transfer to a position with substantially similar terms and conditions is, as a matter of law, not an adverse employment action.  *Wheeler v. BNSF Ry. Co.*, 418 F. App'x 738, 746-47 (10th Cir. 2011).  Plaintiff cannot, therefore, make out a prima facie case for retaliation.  Moreover, Plaintiff was offered the opportunity to move to a different department.  Defendant asks that the Court dismiss Plaintiff's retaliation claim.

**E.   Count VI**

Plaintiff asserts a claim for retaliation in violation of the ADA.  Specifically, he states "Defendant chose not to reasonably accommodate Plaintiff in retaliation for his seeking of an accommodation and for his protected expression of concerns as to such discriminatory conduct regarding his disability."  The claim should be dismissed.

---

[2] In the Charge, Plaintiff specifically states he requested a transfer to a different *shift*, and that Defendant told Plaintiff he could move to a different department but not a different shift, in accordance with company policy. In his Complaint, he states he requested a transfer to another *department*.  Because the Charge determines the scope of the claims, those allegations should control.

8

First, Plaintiff makes the allegation of retaliation in violation of the ADA for the first time in the Complaint. As discussed above, Plaintiff did not check the box for retaliation, which creates a presumption that he is not asserting the claim. *Jones*, 502 F.3d at 1186. Additionally, the Tenth Circuit has held that "[a] claim of retaliation is a distinct allegation of an unlawful employment practice[, and a] Title VII plaintiff must exhaust administrative remedies for each individual discriminatory or retaliatory act." *Duncan*, 397 F.3d at 1314.

Moreover, Plaintiff's retaliation claim is not reasonably related to the facts asserted in the Charge. Plaintiff stated in the Charge that he was "forced to quit that day because the company refused to accommodate" him. At best, he put Defendant on notice of a constructive discharge claim. Constructive discharge, however, is separate and apart from retaliation, which necessarily includes a causation element. At no point did he indicate a belief that his denial of transfer to a different shift was in retaliation for his alleged accommodation request.

Finally, Plaintiff's allegation that his denial of transfer constitutes retaliation fails as a matter of law. As discussed above, denial of transfer to a position with substantially similar working conditions is not an adverse employment action. Plaintiff cannot, therefore, make out a prima facie case for retaliation.

## V. Conclusion

Plaintiff filed the Complaint nearly four years after filing his Charge of Discrimination. To wait until now to assert new claims for hostile work environment, based on race, color, national origin, and religious discrimination, and retaliation in violation of Title VII and the ADA, is improper and beyond the scope of the Charge. Additionally, Plaintiff fails to state a claim for which relief may be granted as to the hostile work environment claim, as well as the

9

retaliation claims under Title VII and the ADA.  Defendant respectfully requests the Court dismiss those claims from this lawsuit.

WHEREFORE, Defendant further requests that Plaintiff's claims for religious discrimination be dismissed.

DATED this 28th day of August, 2015.

Respectfully submitted,

*s/ W.V. Bernie Siebert*
W.V. Bernie Siebert
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO  80202
303-297-2900 / Fax:  303-298-0940
Email:  BSiebert@shermanhoward.com

Attorneys for Defendant JBS USA, LLC

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 28th day of August, 2015, I electronically filed the foregoing **DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND BRIEF IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert L. Allman, Esq.
ALLMAN & MITZNER, LLC
4100 E. Mississippi Ave., Ste. 1600
kDenver, CO  80246
Email:  rallman@allman-mitzner.com

James L. Abrams, Esq.
401 Westwood
Denver, CO  80206
Email:  abramsjames@gmail.com

*s/ Lynn Zola Howell*

10