IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01255-RED-MEH

HILTON McCLENDON, JR.,

    Plaintiff,

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY, a Delaware limited liability company,

    Defendants.

_____

**SECOND AMENDED COMPLAINT AND JURY DEMAND (WITH EDITS MARKED)**
_____

    Plaintiff, Hilton McClendon, Jr., by his attorneys, Robert L. Allman, Esq. of Allman & Mitzner, LLC and James L. Abrams, Esq., hereby submits the following Second Amended Complaint and Jury Demand against Defendant, JBS USA, LLC d/b/a JBS Swift & Company (hereafter referred to as "JBS" or "Defendant"), as follows:

**Parties**

    1.    Plaintiff, Hilton McClendon, Jr., is a citizen of Denver, Colorado, who presently resides at the following address: 1200 South Oneida Street, #9-208, Denver, Colorado 80224.

    2.    Defendant, JBS USA, LLC d/b/a JBS Swift & Company is a Delaware limited liability company whose principal place of business is located at 1700 Promontory Circle, Greeley, Colorado 80634.

1

### Jurisdiction

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, as amended (Title VII) and pursuant to the Americans with Disabilities Act, as amended (ADA), and 28 U.S.C. §1331.

4. Defendant is an employer within the meaning of Title VII and the ADA.

5. The alleged unlawful employment practices took place at the following location: JBS Swift, 1700 Promontory Circle, Greeley, Colorado 80634 and venue is proper pursuant to 28 U.S.C. §1391.

### Administrative Procedures

6. Plaintiff timely filed a questionnaire and charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or other appropriate administrative agency regarding the alleged discriminatory conduct by Defendant (a copy of the charge is attached as Exhibit A).

7. Plaintiff received a probable cause finding from the EEOC on February 22, 2012 when the Determination was issued (copy attached as Exhibit B) and received a Notice of Right to Sue from the EEOC dated March 16, 2015 (copy attached as Exhibit C).

### Nature of the Case

8. Defendant has discriminated against Plaintiff on the basis of race <u>(Black/ African-American), including hostile work environment</u>, ~~color, Black, religion~~ and disability. Plaintiff makes all claims as set forth in the ~~EEOC questionnaire, the~~ attached

Exhibit A, <u>EEOC</u> charge of discrimination, and as set forth in attached Exhibit B, Determination of the EEOC<u>, and Exhibit D, EEOC intake questionnaire</u>.

9. Defendant has discriminated against Plaintiff on the basis of race, the maintenance of a hostile work environment, and ~~by discriminating,~~ failing to reasonably accommodate his disability, ~~and retaliating against him in violation of Title VII and the ADA,~~ forcing his termination based on his race~~, color, religion~~ and disability.

10. Defendant's conduct is part of a continuing discriminatory practice dating back to at least 2009 in Defendant's discriminatory treatment of its employees.

11. Defendant violated the ADA by failing and refusing to accommodate Plaintiff's request for accommodation of his disability, stress<u>-induced asthma.</u> ~~or panic disorder, and for retaliating against him for making such request.~~

### FIRST CLAIM FOR RELIEF
**(Title VII of the Civil Rights Act of 1964)**

12. Plaintiff hereby incorporates all previous and subsequent paragraphs as though fully set forth herein.

13. Mr. McClendon is a member of a protected class, as a minority, due to his race, African American, and color, Black, and is entitled to be free of discrimination at work pursuant to Title VII of the Civil Rights Act of 1964.

14. Mr. McClendon was given unequal and unfair treatment because of his employer's bias against his race.

15. This combination of factors led to his discriminatory treatment and to his forced resignation and constructive discharge from JBS on July 19, 2011, when Plaintiff

could no longer tolerate the racially charged and abusive work environment <u>allowed</u> ~~tolerated~~ by Defendant.

16. Mr. McClendon's employment with Defendant would not have terminated if he were not a minority.

17. Mr. McClendon was subjected to a hostile work environment due to his race~~, color and his lawful exercise of his religion~~.

18. The harassment he endured was pervasive and part of JBS' culture as to Mr. McClendon and others of his protected status.

19. Plaintiff complained to Defendant about the hostile and discriminatory treatment he received from Defendant and its employees, including management, which conduct Defendant took no actions to halt or to transfer Plaintiff to another shift to seek to minimize the discriminatory treatment.

20. Plaintiff attempted to read his bible during breaks and was belittled and prevented from doing so because he was a "Somalian" or a "Muslim" or a "bitch."

21. Plaintiff was subjected to racial taunts using the "N" word or using "Somalian" as a code word for the "N" word.

22. The workplace lavatories regularly contained racist and hostile graffiti including the "N" word, "KKK," "Mud Monkeys," and others.

23. When Plaintiff complained of these conditions, his boss treated this as a joke and took no actions to stop the discrimination<u>, even though this was not a joke but</u>

<u>a pattern of tolerance of hostile, abusing and demeaning conduct directed towards Plaintiff and other employees who were also Black or of color</u>.

24. Management advised Plaintiff they would investigate his concerns but nothing happened.

25. The discrimination and hostility encountered by Plaintiff caused him significant emotional and physical harm, triggering stress, depression and asthma-like breathing difficulties.

26. Defendant's conduct allowed discrimination and racially hostile conduct to continue and flourish.

27. The hostile work environment violated Plaintiff's rights with Title VII.

28. Mr. McClendon seeks all damages as allowed to him as a result of the discrimination that he has endured in violation of Title VII.

29. Plaintiff has suffered significant and permanent emotional distress and other injuries as a result of the discriminatory treatment.

30. Such damages include front pay, back pay, emotional distress, lost wages and opportunities, attorney's fees and costs, including expert witness fees, interest on all such amounts as allowed by law, and such other compensatory, punitive and special damages as allowed by law.

## SECOND CLAIM FOR RELIEF
### (Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964)

31. Plaintiff hereby incorporates all previous and subsequent paragraphs as though fully set forth herein.

32. Defendant knowingly allowed, tolerated and failed to take reasonable steps to remedy a hostile work environment which targeted individuals such as Plaintiff on the basis of race~~, color, national origin, and/or religion~~.

33. The harassment of Plaintiff along with other employees on the basis of race ~~, color and religion~~ was sufficiently pervasive or severe as to alter the terms of Plaintiff's employment.

34. As stated in Plaintiff's Charge of Discrimination (Exhibit A), racial epithets were written on the bathroom walls, he was calls a "Somalian," which was a code word for the "N" word, and also called a "bitch," conduct which was directed to him specifically because of his race.

35. The bathroom walls continued to have vile racial language upon them, placing Plaintiff in a position where he felt a pervasive hostility and feared for his safety and well-being, preventing him from continuing to work and constructively discharging him.

36. The restrooms included references such as, "Go back to Africa," "KKK," "mud monkeys," "nigger" and "nigger lover" and "white power," as are reflected in the photographs submitted to the EEOC by Plaintiff as part of his complaint. These racial

slurs in the employee restroom in the department where Plaintiff worked were open and obvious and allowed to be maintained and, if removed, soon returned, and Plaintiff's supervisor laughed as if these were a joke, such that Defendant tolerated and did not prevent this hostile, racially charged work environment.

37. As indicated in Plaintiff's intake questionnaire with the EEOC (Exhibit A), Plaintiff was continually referred to as a "Somalian," knowing that he knew that this word was used as a code word for the N word. Management took no action to prevent this from occurring. Racial discrimination from co-workers and supervisors was prevalent as Plaintiff was singled out due to his race and also discriminated against and treated in a hostile manner as the group that was also referred to as "Somalians" who were a group of workers at the plant even though they knew he was not from Somalia, Plaintiff was also treated as if people of his kind were not welcome.

38. The conditions were so pervasive that they prevented Plaintiff from being able to do his work as he could find no relief from the fear and the hostility and the racism that he encountered, which also aggravated his asthma and placed him in a position where he could not work with these same co-workers.

39. The conduct of the co-workers, which was done with the knowledge of the managers, who did nothing to prevent it, had succeeded in the intended consequence of causing Plaintiff's constructive discharge from this employment because he could not continue to work under these intolerable conditions.

<u>40.     Plaintiff advised the EEOC in his intake questionnaire (Exhibit D) that this was a hostile work environment and that his health, including his disability, was made worse by this hostile treatment.</u>

41.     Defendant's management knew or should have known of this harassment and hostile work environment, and took no steps to prevent or promptly correct it.

42.     The effect of the practices of Defendant complained of herein has been to deprive Plaintiff of his equal employment opportunities and otherwise adversely affect Plaintiff's employment status because of his race~~, color and religion~~.

43.     Such hostile work environment caused the constructive discharge of Plaintiff and such other damages and losses as may be proven at trial <u>and as allowed by law</u>.

~~**THIRD CLAIM FOR RELIEF**~~
~~**(Title VII- Religious Discrimination)**~~

~~37.     Plaintiff hereby incorporates all previous and subsequent paragraphs as though fully set forth herein.~~

~~38.     Plaintiff, as an example of discriminatory behavior, requested accommodation to be allowed to read his bible during breaks and was harassed and belittled, called a "Somalian" or "Muslim" in a sneering and hostile fashion and would not be left alone. He was also frequently called a "bitch."~~

~~39.     Plaintiff is devoutly Christian and daily sought to read his bible while on breaks and was prevented from doing so in the workplace by Defendant's tolerance of such discrimination and hostile behavior.~~

Case No. 1:15-cv-01255-REB-MEH    Document 32-1    filed 10/08/15    USDC Colorado
pg 9 of 12

~~40.    Defendant's discriminatory conduct was sufficiently severe pervasive as to affect Plaintiff's working status and to constitute a violation of Plaintiff's rights to be free from religious discrimination in his employment, and Defendant's management knew or should have known of such harassment of Plaintiff.~~

~~41.    Defendant's conduct, including the toleration of such religious discrimination in violation of Title VII, has caused damage and harm to Plaintiff, who seeks all remedies as allowed.~~

~~**FOURTH CLAIM FOR RELIEF**
**(Retaliation in Violation of Title VII**
**of the Civil Rights Act of 1964)**~~

~~42.    Plaintiff hereby incorporates all previous and subsequent paragraphs as though fully set forth herein.~~

~~43.    Defendant knowingly allowed, tolerated and failed to take reasonable steps to remedy a hostile work environment which targeted individuals such as Plaintiff on the basis of race, color, national origin, and/or religion.~~

~~44.    Plaintiff advised Defendant's management of his lawful concerns as to the violation of his rights to be free of unlawful workplace discrimination and was retaliated against for his exercise of such rights.~~

~~45.    Plaintiff sought to be moved to an another department to avoid this harassment, discrimination and hostile behavior as a form of protected expression of concerns as to this unlawful conduct, and his request was denied.~~

9

~~46.    Such denial was done as retaliation for his advising of the discrimination and hostile treatment at work, the Defendant knowing he would quit, and thereby Defendant punished Plaintiff rather than remedying the situation which it would have done for others.~~

~~47.    Plaintiff seeks all damages allowed as caused by Defendant's unlawful retaliatory conduct, which conduct is prohibited by Title VII.~~

### ~~FIFTH~~ **THIRD CLAIM FOR RELIEF**
**(Americans with Disabilities Act)**

44.    Plaintiff hereby incorporates all previous and subsequent paragraphs as though fully set forth herein.

45.    Plaintiff has a disability under the Americans with Disabilities Act (ADA), stress disorder, and asthma-like condition induced by stress.  The discrimination and hostility he encountered with Defendant caused additional stress and aggravated his disability requiring reasonable accommodation by the Defendant.

46.    Defendant refused to reasonably accommodate Plaintiff's request to transfer to a different shift to reduce his stress and stress-related disorders by being able to work with co-employees and managers who were not hostile, harassing and discriminatory.

47.    Defendant could have reasonably accommodated Plaintiff's request for a different shift to work among a less hostile, discriminatory and harassing group of co-workers, but failed and refused to do so in violation of the ADA.

52.     Plaintiff seeks all damages as allowed on the basis of Defendant's discriminatory conduct prohibited by the ADA.

### **SIXTH CLAIM FOR RELIEF**
### **(Retaliation Under the Americans with Disabilities Act)**

~~53.     Plaintiff hereby incorporates all previous and subsequent paragraphs as though fully set forth herein.~~

~~54.     Defendant refused to accommodate Plaintiff's request to transfer to a different shift or department to reduce his stress and resultant disability, knowing this would force him to quit.~~

~~55.     Defendant chose not to reasonably accommodate Plaintiff in retaliation for his seeking of an accommodation and for his protected expression of concerns as to such discriminatory conduct regarding his disability.~~

~~56.     Plaintiff seeks all damages as allowed as caused by Defendant's unlawful retaliatory conduct, which conduct is prohibited by the ADA.~~

WHEREFORE, Plaintiff, Hilton McClendon, Jr., respectfully prays for judgment against Defendant, JBS Swift & Company d/b/a JBS Swift, LLC, for all damages as allowed, including front pay, back pay, emotional distress, and non-economic losses, and such other compensatory, punitive and special damages as allowed by him, reasonable attorney fees and costs, interest on all such amounts due commencing with the date of such wrongful conduct or as otherwise allowed.

**JURY DEMAND**: Plaintiff demands trial to a jury of six persons on all issues herein joined.

Respectfully submitted this 8th day of October, 2015.

        ALLMAN & MITZNER, LLC

        *Original signature on file*

        By:   /s/  Robert L. Allman
            Robert L. Allman, Esq.
        4100 E. Mississippi Avenue, Suite 1600
        Denver, Colorado 80246
        (303) 293-9393
        (303) 293-3130 (fax)
        rallman@allman-mitzner.com

        James L. Abrams, Esq.
        401 Westwood
        Denver, CO  80206
        (303) 321-6087
        abramsjames@gmail.com

        Attorneys for Plaintiff, Hilton McClendon, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2015, I caused a true and exact copy of the above and foregoing SECOND AMENDED COMPLAINT AND JURY DEMAND to be filed via CM/ECF and served via same upon the following:

        W.V. Bernie Siebert, Esq.
        633 Seventeenth Street, Suite 3000
        Denver, Colorado 80202
        (303) 299-8222
        bsiebert@shermanhoward.com

        *Original signature on file*

          /s/ Robert L. Allman      .