**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01255-REB-MEH

HILTON McCLENDON, JR.,

    Plaintiff,

v.

JBS USA, LLC d/b/a JBS SWIFT & COMPANY, a Delaware limited liability company,

    Defendants.

---

**[PROPOSED] SCHEDULING ORDER**

---

## I. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference was held November 2, 2015.  The parties were represented by the following:

| Counsel for Plaintiff Hilton McClendon, Jr.: | Counsel for Defendant JBS USA, LLC: |
|---|---|
| Robert L. Allman, Esq.<br>Allman & Mitzner, LLC<br>4100 E. Mississippi Ave., Ste. 1600<br>Denver, CO  80246<br>Telephone:  293-9393<br>Email:  rallman@allman-mitzner.com | W.V. Bernie Siebert:<br>Sherman & Howard LLC<br>633 Seventeenth Street, Suite 3000<br>Denver, CO  80202<br>Telephone:  (303) 299-8222<br>Email:  BSiebert@shermanhoward.com |
| James L. Abrams, Esq.<br>401 Westwood<br>Denver, CO  80206<br>Telephone:  (303) 321-6087<br>Email:  abramsjames@gmail.com | |

## II. STATEMENT OF JURISDICTION

Jurisdiction is conferred pursuant to 42 U.S.C. § 2000(e), *et seq.* and 42 U.S.C. § 12101, *et seq.*

## III. STATEMENT OF CLAIMS AND DEFENSES

### A. Plaintiff's Claims:

Plaintiff claims that he was subjected to racial discrimination based upon disparate treatment that he received on the basis of his race and color, and based on a hostile work environment, that the workplace was a hostile work environment and that he was denied reasonable accommodation for his disability. Plaintiff claims that he was constructively discharged as a result of Defendant's failure to protect him from the discriminatory and hostile treatment he received based upon his race (black) and also by failing to transfer him to a different shift and, preferably, a different department also, in order to avoid the hostility from the co-workers on the shift he was assigned. Mr. McClendon was born on August 25, 1979 and had a history of anxiety disorders and suffered from asthma which was triggered by the stress of being subjected to the racially hostile environment. The name calling of "bitch," "Somalian," mud monkey and others, including racially charged comments and jokes were directed at Plaintiff due to his race, but not to the other non-black co-workers. Plaintiff was subjected to harsher treatment than non-black co-employees and his complaints and requests to be left alone from this conduct were ignored or laughed at. The use of the term "Somalian" was used as a code work for the "N" word when directed at Plaintiff and other black employees. Racist graffiti was allowed and continued to be placed in the restroom related to his department including the "N" word, KKK, mud monkeys, "go back to Africa," N***** lover, "white power," and others causing

fear and anxiety to Plaintiff , in addition to his asthma, preventing him from continuing to work in that hostile environment and constructively discharging him. Plaintiff complained to management and to HR in order to stop this treatment of him in order that he could continue to work or to change him to a different shift and new department. The change to a new shift was the key request since it would remove Plaintiff from his discriminatory and hostile co-workers. Allowing a change of department only would still subject him to working in the same area as these workers that he feared and who were racist and hostile to him. HR claimed it could not change Plaintiff's shift because he had not yet worked a year, but also made no effort to seek an exception as part of reasonable accommodation or mitigation, and made no effort to see that the discriminatory, racist and hostile behavior ceased. HR knew that failing to accommodate or transfer Plaintiff would force him to quit his employment with Defendant, leading to Plaintiff's constructive discharge. The Defendant acted with malice or reckless indifference with regard to the federally protected rights of Plaintiff.  Plaintiff seeks such damages and remedies as allowed to him by law and in the interest of justice.

    **B.**    **Defendants' Defenses:**

Plaintiff was briefly employed by Defendant at its Greeley, Colorado beef processing facility.  Defendant denies that plaintiff was the subject of any racial discrimination, hostile work environment or that he was denied any reasonable accommodation.  Plaintiff claims he reported to his union and to Defendant that he was being subjected to harassment and requested a transfer to a different shift.  Defendant offer Plaintiff the opportunity to transfer to a different department.  Plaintiff voluntarily resigned from employment on the same day that he reported the harassment and immediately following Defendant's offer to transfer to a different department.  Plaintiff was

3

aware that the collective bargaining agreement that governed the terms and conditions of his employment required one year of employment before an employee could transfer to a different shift.  As shown by a routine comparison of the allegations contained in the Charge Plaintiff filed with the EEOC, his various Complaints and the new position stated above, Plaintiffs "facts" continue to shift.  Plaintiff at each stage has increased the number and severity of incidents.  As Defendant pointed out in its Motion to Dismiss, Plaintiff cannot bring forth factual allegations that were not provided to the EEOC or that were part of the investigation.  Plaintiff continues to call into question his credibility.

### IV.     UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff was employed by Defendant on April 4, 2011.
2. Plaintiff's employment with Defendant ended on July 19, 2011.

### V.     COMPUTATION OF DAMAGES

**Plaintiff's Damages :** Plaintiff seeks damages for back and front pay, in the amount of a minimum of $100,000 or as allowed. Plaintiff's back pay claims of one year' loss of pay based upon pay of $12.95/hr, $29,000 annually, plus benefits after 6 months of employment of a minimum of $1,000 per month, plus a loss of $10,000 minimum per year continuing to the present and for the foreseeable future.

Plaintiff seeks non-economic and other compensatory damages for emotional distress, for punitive, exemplary or statutory damages in the amount of $ 200,000 or as allowed.

Plaintiff seeks reasonable attorneys' fees and costs incurred in this action as may be allowed by statute, and interest on all such amounts commencing with the date of the loss.

### VI. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)

A. **Date of Rule 26(f) meeting:** October 19, 2015.

B. **Names of each participant and party he/she represented.**

- Robert L. Allman and James Abrams, Counsel for Plaintiff Hilton McClendon, Jr.
- W.V. Bernie Siebert, Counsel for Defendant JBS USA, LLC.

C. **Rule 26(a)(1) disclosures are to be made on or before:** November 6, 2015.

D. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):** The timing of the Rule 26(a)(1) disclosures is due to the timing of filing several Amended Complaints and Defendant's Responses thereto.

E. **Statement concerning any agreements to conduct informal discovery:** None.

F. **Statement concerning any other agreements or procedures to reduce discovery and other litigation coasts, including the use of a unified exhibit numbering system:** The Parties agree to use a unified exhibit numbering system.

G. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:** The parties do not anticipate any substantial amount of electronic discovery.

H.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:** Settlement is not possible at this time.  However, settlement may be a possibility in the future following discovery.

## VII.  CONSENT

All parties ☐ [have] or ■ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## VIII.  DISCOVERY LIMITATIONS

A.  **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the federal rules:** Five depositions per side; twenty five interrogatories per side**.**

B.  **Limitations which any party proposes on the length of depositions:** 7 hours**.**

C.  **Limitations which any party proposes on number of requests for production of documents and/or requests for admissions:**

   25 requests for production of documents; and

   25 requests for admissions per side.

D.  **Other Planning or Discovery Orders:** None.

## IX.  CASE PLAN AND SCHEDULE

A.  **Deadline for Joinder of Parties and Amendment of Pleadings:** Defendant proposes November 15, 2015 based on the original filing date of June 22, 2015. Plaintiff proposes January 31, 2016.

B.  **Discovery Cut-off:** May 2, 2016

C.  **Dispositive Motion Deadline:** June 2, 2016**.**

6

D. **Expert Witness Disclosure**

1. The parties shall identify anticipated fields of expert testimony, if any: **No experts are anticipated by any party**.

2. Limitations which the parties propose on the use or number of expert witnesses. **Not applicable**.

3. The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 201__. **Not applicable**.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 201__. **Not applicable**.

E. **Identification of Persons to be Deposed:**

**By Plaintiff**:

| Name of Deponent | Estimated Length of Deposition |
|---|---|
| Plaintiff Hilton McClendon, Jr. | 7 hours |
| Others:  To be determined | |
| | |
| | |

**By Defendant**:

| Name of Deponent | Estimated Length of Deposition |
|---|---|
| Respresentative(s) of Defendant | A maximum of 7 hours each |
| Barb Walker, HR | |
| "Beto" - supervisor | |
| Bob Riggs – supervisor | |

7

| Others : To be determined. | |

Additional or different deponents may be added as discovery progresses.

**F.**   **Deadline for Interrogatories:**  April 1, 2016.

**G.**   **Deadline for Requests for Production of Documents and/or Admissions:**

April 1, 2016**.**

### X.   DATES FOR FURTHER CONFERENCES

**A.**   **Status conferences will be held in this case at the following dates and times:**

_____

_____

**B.**   **A final pretrial conference will be held in this case on**

**_____ at _____ o'clock ___.m.  A Final Pretrial Order shall be**

**prepared by the parties and submitted to the court no later than seven (7) days**

**before the final pretrial conference.**

### XI.   OTHER SCHEDULING MATTERS

**A.**   **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement**:  None.

**B.**   **Anticipated length of trial and whether trial is to the court or jury.**  5 day trial to a jury.

**C.**   **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Feral Building, 402 Rood Avenue, Grand Junction,**

**Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439:** None.

## XII. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practices Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## XIII. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this _____ day of November, 2015.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s Robert L. Allman* | */s W.V. Bernie Siebert* |
| Robert L. Allman | W.V. Bernie Siebert: |
| Allman & Mitzner, LLC | Sherman & Howard LLC |
| 4100 E. Mississippi Ave., Ste. 1600 | 633 Seventeenth Street, Suite 3000 |
| Denver, CO  80246 | Denver, CO  80202 |
| Telephone:  293-9393 | Telephone:  (303) 299-8222 |
| Email:  rallman@allman-mitzner.com | Facsimile:  (303) 298-0940 |
| | Email:  BSiebert@shermanhoward.com |
| James L. Abrams, Esq. | |
| 401 Westwood | Counsel for Defendant JBS USA, LLC: |
| Denver, CO  80206 | |
| Telephone:  (303) 321-6087 | |
| Email:  abramsjames@gmail.com | |

Counsel for Plaintiff Hilton McClendon, Jr.

10